# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-1125V
UNPUBLISHED

|  |  |
|---|---|
| AMY TRUDEAU,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 28, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC,* for
  Respondent.

## DECISION AWARDING DAMAGES[1]

On September 2, 2020, Amy Trudeau filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration (SIRVA) as a result of the administration of the influenza ("flu") vaccine on October 12, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 19, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 23. On July 20, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $71,244.00,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

representing $70,000.00 for her actual and projected[3] pain and suffering and $1,244.00 for her past unreimbursable expenses. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $71,244.00, representing $70,000.00 for her actual and projected pain and suffering and $1,244.00 for her actual unreimbursable expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Any amount designated for projected pain and suffering has been reduced to net present value. Proffer at 1.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| AMY TRUDEAU, | |
| Petitioner, | No. 20-1125V |
| v. | Chief Special Master Corcoran |
| | ECF |
| SECRETARY OF HEALTH AND | |
| HUMAN SERVICES, | |
| Respondent. | |

**PROFFER ON AWARD OF DAMAGES**

On September 2, 2020, Amy Trudeau ("petitioner") filed a petition for compensation

("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -

34 ("Vaccine Act" or "Act"), as amended, alleging that she suffered a left shoulder injury related

to vaccine administration ("SIRVA"), a Table Injury, resulting from an influenza ("flu")

vaccination she received on October 12, 2018.  Petition at 1.  Respondent conceded that

petitioner's alleged injury satisfies the criteria of the Vaccine Injury Table, and therefore

conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on January 18,

2022.  ECF No. 22.  Based on Respondent's Rule 4(c) Report the Court found petitioner entitled

to compensation on January 19, 2022.  ECF No. 23.

I.     **Items of Compensation**

   A.     **Pain and Suffering**

Respondent proffers that petitioner should be awarded $70,000.00 in actual and projected

pain and suffering.  This amount reflects that any award for projected pain and suffering has

been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

1

### B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,244.00.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

## II.      <u>Form of the Award</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$71,244.00**, in the form of a check made payable to petitioner. [1]  This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[1]  Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

      s/Jennifer L. Reynaud
      JENNIFER L. REYNAUD
      Senior Trial Attorney
      Torts Branch, Civil Division
      U.S. Department of Justice
      P.O. Box 146
      Benjamin Franklin Station
      Washington, D.C. 20044-0146
      Tel:  (202) 305-1586

Date: July 20, 2022      Jennifer.L.Reynaud@usdoj.gov